# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| KELVIN J. ROBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CV412-208 |
| | ) | |
| UNIVERSAL MOTOWN and | ) | |
| UNIVERSAL REPUBLIC RECORDS, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Kelvin Robbins has submitted a copyright complaint against defendants that is virtually a carbon copy of an earlier complaint, which the Court dismissed with prejudice on June 30, 2011.  (Doc. 1); *see Robbins v. Universal Motown*, No. CV411-151 (S.D. Ga. June 30, 2011). This complaint suffers from the same defect.  As the Court advised Robbins in yet another of his many copyright cases, he may not sue others for "stealing" his music unless he pleads an indispensable legal prerequisite -- that he had registered the copyright to his music prior to filing his case. *Robbins v. Island Def Jam Music Group*, No. CV410–208,

doc. 34 (S.D. Ga. June 9, 2011), *adopted*, doc. 44 (June 17, 2011) ("Again, a valid registration is a precondition to suit. 17 U.S.C. § 411 (subject to an irrelevant exception, 'no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title.')"). He still has not done so. (Doc. 1.)

He asks the taxpayers to cover his $350 filing fee by moving for leave to file this case *in forma pauperis* (IFP). (Doc. 2.) He claims he has no money and is living off his mother. (*Id.* at 2.) But his music is very valuable, he insists. (*Id.*) For jurisdictional purposes only, the Court **GRANTS** plaintiff's IFP motion (doc. 2) but concludes that this case must be **DISMISSED**, as it is both frivolous[1] and likely estoped by the

---

[1] The right to proceed IFP in the federal district courts is governed by 28 U.S.C. § 1915. Litigants ordinarily are not entitled as of right to proceed without the prepayment of a filing fee. IFP status thus is a legislated privilege which may be denied when abused. The IFP statute authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The power to dismiss IFP cases *sua sponte* "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The standards for dismissal are the same as those under Fed. R. Civ. P. 12(b)((6). *See Williams v. Brown*, 347 F. App'x 429, 434-35 (11th Cir. 2009).

prior with-prejudice dismissal.[2]   Finally, the Clerk is **DIRECTED** to forfeit the $100 frivolity bond that Robbins posted in *Robbins v. Usher Raymond, IV*, No. CV411-193, doc. 9 at * 1 (S.D. Ga. Aug. 29, 2011) (barring Robbins from filing any more suits without posting a $100 frivolity bond; explaining that the bond would be forfeit for the next frivolous law suit Robbins filed).[3]   Robbins should be ordered to post another $100 frivolity bond before filing any more lawsuits.

**SO REPORTED AND RECOMMENDED** this ___11th___ day of September, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[2]   The prior case was against substantially the same defendants (while he did not name Universal Republic Recordings, he named both Universal Motown and Universal Music), and it involved the same song ("Slow Dance").   Since it was dismissed with prejudice, *res judicata* applies, at the very least, to the claim against Universal Motown. *See Harmon v. Webster*, 263 F. App'x 844, 845, 46 (11th Cir. 2008) (*res judicata* barred § 1983 action filed by *pro se* prisoner proceeding IFP against state court judges and prosecutor, where prior IFP proceeding asserting the same claims against same defendants was dismissed for failure to state a claim).

[3]   In *Robbins v. The Island Def Jam Music Group*, No. CV411-163 (S.D. Ga. Aug. 1, 2011), this Court applied *Wilkerson v. Statesboro Police Dep't*, 2009 WL 4609603 at * 2 (S.D. Ga. Dec. 2, 2009), in recommending that plaintiff "be barred from filing any more lawsuits until he first posts a $100 frivolity bond, from which the Court will subtract $100 for the next frivolous lawsuit that he files." CV411-163, doc. 4 at 1-2.